204 A.2d 743 (1964)
CHEYENNE OIL CORPORATION, Forward Enterprises, Inc., Westland Oil Development Corporation, Louis Kung, Arthur B. Rothwell, C. F. Chien and T. P. Wang, Defendants Below, Appellants,
v.
OIL & GAS VENTURES, INC., a Delaware corporation, as sole General Partner in behalf of Oil & Gas Ventures-First 1958 Fund, Ltd., a New Jersey limited partnership, Oil & Gas Ventures, Inc., a Delaware corporation, as sole General Partner in behalf of Oil & Gas Ventures-Second 1958 Fund, Ltd., a New Jersey limited partnership, and Oil & Gas Ventures, Inc., a Delaware corporation as Sole General Partner in behalf of Oil & Gas Ventures-First 1959 Fund, Ltd., a New Jersey limited partnership, Plaintiffs Below, Appellees.
Supreme Court of Delaware.
November 4, 1964.
Daniel L. Herrmann, of Herrmann, Bayard, Brill & Russell, Wilmington, and James N. Erwin, Jr., of Erwin, Wagner & Hodson, Houston, Tex., for defendants below, appellants.
*744 Louis J. Finger, of Richards, Layton & Finger, Wilmington, and Arthur B. Kramer, of Feldman, Kramer, Bam & Nessen, New York City, for plaintiffs below, appellees.
WOLCOTT and CAREY, JJ., and WRIGHT, Judge, sitting.
CAREY, Justice.
This appeal questions a decision of the Court of Chancery holding that the sole general partner of a limited partnership had authority to prosecute the present action notwithstanding dissolution of the limited partnership. More particularly stated, the principal question is whether, under the law of New Jersey, the sole general partner of a limited partnership dissolved by the expiration of the term for which it was created, may prosecute an action against third parties to recover monies allegedly owed for transactions which occurred prior to dissolution. No decisions on this point have been found in the New Jersey cases[*] or in those of any other state under the Uniform Limited Partnership Act.
Oil and Gas Ventures, Inc. was the sole general partner of three limited partnerships which may be conveniently called "1958 Funds" and "1959 Fund". Proper certificates were duly filed in New Jersey in conformity with the Limited Partnership Act. By the terms of the agreement the two "1958 Funds" terminated on December 31st, 1962, and the "1959 Fund" terminated on December 31, 1963. All three agreements conferred upon the general partner alone the authority to transact the business of the partnership.
The present action was commenced on December 7th, 1962 by the general partner on behalf of the three "Funds". The complaint alleged a conspiracy to defraud the partnerships and sought an accounting, rescission of certain contracts, and restitution. On May 15, 1963, the general partner filed an amended complaint. The defendants below moved for summary judgment upon the grounds that the general partner had no authority to prosecute the action on behalf of the "1958 Funds" because of their dissolution by expiration of the agreements, or on behalf of the "1959 Fund" because it had not qualified to do business in Texas and Arkansas where the alleged wrongs took place. Prior to decision on the motion in lower Court, the "1959 Fund" also was dissolved by the termination of the period of its existence.
New Jersey adopted both the Uniform Partnership Act and the Uniform Limited Partnership Act on the very same day. It is convenient to set forth at this point several paragraphs from the statutes. The Uniform Partnership Law is found in N. J. Statutes Annotated § 42:1-1 through § 42:1-43. The parts thereof which have some present pertinency are the following sections:
§ 42:1-6 (2).
"* * * [T]his chapter shall apply to limited partnerships except in so far as the statutes relating to such partnerships are inconsistent herewith".
§ 42:1-30.
"On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."
§ 42:1-31
"Dissolution is caused:
"1. Without violation of the agreement between the partners,
"a. By the termination of the definite term or particular undertaking specified in the agreement; * * *."
§ 42:1-35

*745 "1. After dissolution a partner can bind the partnership except as provided in paragraph `3' of this section [the exceptions are not presently relevant]:
"a. By any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution; * * *".
The Uniform Limited Partnership Law is found in N.J.Statutes Annotated § 42:2-1 through § 42:2-30. The following parts have some materiality here:
§ 42:2-13
"1. A general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners, except that without the written consent or ratification of the specific act by all the limited partners, a general partner or all of the general partners have no authority to
"a. Do any act in contravention of the certificate,
"b. Do any act which would make it impossible to carry on the ordinary business of the partnership,
"c. Confess a judgment against the partnership,
"d. Possess partnership property, or assign their rights in specific partnership property, for other than a partnership purpose,
"e. Admit a person as a general partner,
"f. Admit a person as a limited partner, unless the right so to do is given in the certificate,
"g. Continue the business with partnership property on the death, retirement or insanity of a general partner, unless the right so to do is given in the certificate".
§ 42:2-30
"A contributor, unless he is general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership".
§ 42:2-30 would, of course, dispose of appellant's principal argument had not the partnership been dissolved, because of its provision that a limited partner is not a proper party to proceedings by or against the partnership in an action of this nature. Appellants contend, however, that this section became inapplicable after dissolution, although there is no express language therein to that effect. They suggest that the general partner is doing "an act in contravention of the certificate" without the written consent or ratification by all the limited partners in violation of § 42:2-13, because such act violates the expiration date in the certificate. They point out that the Uniform Limited Partnership Act, in contrast to the Uniform Partnership Law, contains no express provision for the continuation of the partnership after dissolution during the winding up. Cf. § 42:1-30. They then contend that the omission of such a provision shows a legislative intent that it shall not be continued. We disagree with ths last contention which is fundamental to appellant's position. The argument ignores § 42:1-6(2) of the partnership law which expressly makes that act applicable to limited partnerships to the extent that the two statutes are not inconsistent. The partnership law expressly continues the entity after dissolution for purposes of winding up and permits a general partner to bind the partnershp by any Act appropriate for those purposes. This right to wind up the affairs includes the duty and power to prosecute actions for the partnership arising out of transactions occurring prior to dissolution. Scaglione v. St. Paul Mercury Indemnity Co., 28 N.J. 88, 145 A.2d 297.
We are unable to find anything in the limited partnership act which is inconsistent with the foregoing provisions of the partnership *746 act, and, absent such inconsistency, they must apply. The failure of the New Jersey Legislature to include a specific "continuation" section in the Limited Partnership Act is obviously explained by the fact that there was no need to do so; It was supplied by reference to the companion statute.
We need not take up all the various reasons why appellants feel that a contrary solution should be reached. We simply point out by way of summary our reasons for concluding that the limited partnership continues in existence after dissolution for purposes of prosecuting and defending actions concerning transactions which occur prior to dissolution and that the sole general partner has the power to prosecute and defend such actions. First, the Uniform Partnership Act is expressly applicable to limited partnerships in so far as there is no inconsistency in the two acts. Second, the Uniform Partnership Act continues the existence of a partnership after dissolution for winding up purposes, including prosecution and defense of actions. Third, the Limited Partnership Act contains nothing inconsistent with the foregoing provisions. Finally, the Limited Partnership Act expressly renders the limited partner an improper party in actions of this nature.
As to the "1959 Fund", we have difficulty understanding appellant's contention based upon the failure to file certificates of partnership in Texas and Arkansas. The briefs contain no authorities dealing with the question and no reasoning is presented to buttress the contention. Apparently, the theory is that the failure to file certificates makes the partnership a general one for all purposes and that suit based upon causes of action arising in those states must be brought by all the partners as if they were general partners. We note that both states have adopted the Uniform Limited Partnership Act with very slight modifications. Under that act, failure to file the certificate may under some conditions render limited partners liable as general partners to third persons; we have found no case decided under that statute which has imposed any other sanction. We are by no means certain that such failure would cause the Courts of those states to close their doors to a suit by a limited partnership; we need not resolve the point because the charges in this complaint, if ultimately proven, would constitute wrongs committed against an entity duly organized and operating under the laws of New Jersey.
For the foregoing reasons, the judgment of the lower Court will be affirmed.
NOTES
[*] Perth Amboy Manufacturing Co. v. Condit, 21 N.J.L. 659, reached exactly the same conclusions as we express herein; although it was based upon a much earlier statute not quoted in the opinion, we think the New Jersey Courts would probably hold the reasoning of that case to be applicable to the Uniform Acts.